[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of Danbury. Many of the facts that give rise to this action are not in dispute. The plaintiff, whose maiden name is Maureen Lyons, and the defendant were married on June 29, 1968 in the Bronx, New York. The plaintiff has resided continuously in the State of Connecticut at least twelve months immediately prior to the date this decision is rendered. The marriage between the parties is broken down irretrievably without any reasonable prospects of reconciliation. There is one adult child issue of this marriage. There are no minor children issue of this marriage and no minor children have been born to the plaintiff wife since the date of marriage of the parties. Neither of the parties receive state assistance.
From the evidence presented, the court finds that the defendant is at fault for the breakdown of the marriage.
The plaintiff was born on September 1, 1946. CT Page 9817
The plaintiff had hip surgery for which it took her approximately one year to recuperate.
The plaintiff had both hips replaced in 1985 due to arthritis. She also has arthritis in her hands which results in lack of strength in her hands.
When the parties separated in 1994, the plaintiff did not have any credit card debt.
When the parties separated in 1994, they had approximately $4000 in bank accounts and $4000 in IRAs that they split evenly. They also had some savings bonds that they split equally.
The plaintiff is currently employed as a bookkeeper. Her gross weekly wages is $560 and her net weekly wages is $403.99. She has a liability to Norwest Financial with a balance of $1600, a liability to VISA Titanium with a balance of $2887.52, and a liability to VISA Platinum with a balance of $1688.81. She owns a three and a half acre vacant parcel of land jointly with the defendant located at Old Vernon, Northfield, Massachusetts, with a fair market value of $37,500, and no mortgage. The defendant has paid money to have a survey done on the property and he is also paid the real estate taxes on that property. The defendant paid approximately $1800 to have tests done on the Massachusetts property. The property was originally purchased in 1990 for $37,500 with $17,000 down and the balance financed through a mortgage that was paid off in three years. The defendant owns a 1989 Buick in her sole name with a fair market value of $900, and no loan balance. She currently has health insurance through Anthem Blue Cross and Blue Shield.
In addition to her full-time employment as a bookkeeper, she also works parttime as a sales person grossing $130 weekly.
The defendant was born November 1, 1941.
The defendant presently resides in the Bronx, New York, with another woman. He has been involved in a relationship with her since 1993. The parties separated on or about June 8, 1994. Up until the time the parties separated, the defendant was denying to the plaintiff that he was involved in an affair. He moved in with this other woman on or about June 10, 1994 in the Bronx, and continues to reside with her as of this date. His female companion is fifty-six years old and is not disabled. He financially supports her completely. She had been employed at a printing company up to 1995 when she left that employment. All of his expenses on his financial affidavit are for the expenses for himself and his female CT Page 9818 companion.
When the parties married, defendant was employed by Pan American Airlines working in its baggage department. He worked there for two to two and a half years before leaving as a result of a big layoff. He then was employed by the New York City Housing Authority starting as an elevator mechanic helper. He held that position when he retired on March 1, 1999. When he retired on March 1, 1999, he was earning $23.76 hourly. His 1998 gross wages from the New York City Housing Authority were approximately $47,000.
The defendant has been treated for angina and osteoarthritis. When he retired, he had not been told by any doctor that he was physically unable to work. He was employed by the New York City Housing Authority for a total of twenty eight years. When he retired, he did not elect a joint and survivorship option.
The defendant's financial affidavit dated April 27, 2000 shows a weekly expense for real estate tax of $7.75. That is the real estate tax for the property jointly owned with the plaintiff in Massachusetts.
The defendant has $10,600 in the Washington Mutual savings, $1200 in the Chase Manhattan savings, and $154 in Chase Manhattan checking and a 1979 Cadillac with a value of $600. He has life insurance through New York Life in the face amount of $15,000, and a cash surrender value of $5000. He has gambled at Fox Wood, and Atlantic City. The defendant lost approximately $8000 gambling in 1998 and lost approximately $8000 gambling in 1999. His gambling has continued throughout the years he has been married to the plaintiff. Both the plaintiff and the defendant have had to make sacrifices due to his gambling.
The defendant presently receives $669.56 weekly from his pension benefits. He has a deduction for withholding tax of $87.46 and health insurance for 40 cents. He has liabilities consisting of Capital One with a balance due of $2153, City Bank with a balance due of $10,811.20, and Peoples Bank with a balance due of $2306.38. He owns a 1979 Cadillac with a value of $600, and furniture and clothing with a value of $1000.
The present value of the defendant's pension benefits is $348,327.
The defendant took out a loan on his pension plan in January or February, 1999 right before he retired in the amount of $32,000. He claims to have spent that on living expenses and gambling. The $10,600 that he has in the Washington Mutual account is from that loan.
This court has considered the provisions of § 46b-82 regarding the CT Page 9819 issue of alimony, and has considered the provisions of § 46b-81(c) regarding the issue of property division, and has considered the provisions of § 46b-62 regarding the issue of attorney's fees. The court enters the following orders:
 ORDERS
A. BY WAY OF DISSOLUTION OF MARRIAGE
1. The marriage between the parties is dissolved, and each party is declared to be single and unmarried.
B. BY WAY OF ALIMONY
1. No periodic or lump sum alimony is awarded in favor of either party.
2. The defendant is to name the plaintiff as beneficiary of his New York Life insurance policy in the face amount of $15,000. He is not to take any loans to encumber that policy. He is to give her proof annually that the policy is in full force and effect commencing one year from the date this decision is filed and annually thereafter naming her as beneficiary. He is to notify New York Life of this of order. This order is in the nature of an alimony order and is therefore modifiable in the event of a substantial change in circumstances. The obligation to maintain the life insurance policy terminates in the event the plaintiff predeceases the defendant.
C. BY WAY OF PROPERTY ORDERS
1. The defendant is to pay all the liabilities shown on his financial affidavit and hold the plaintiff harmless therefrom.
2. The plaintiff is to pay all the liabilities shown on her financial affidavit and hold the defendant harmless therefrom.
3. The 1989 Buick shown on the plaintiffs financial affidavit is awarded to the plaintiff.
4. The 1979 Cadillac shown on the defendant's financial affidavit is awarded to the defendant.
5. All furniture, furnishings and clothing in the possession of the plaintiff is awarded to the plaintiff.
6. All furniture, furnishings and clothing in the possession of the defendant is awarded to the defendant. CT Page 9820
7. The Washington Mutual savings account with a balance of $10,600 is ordered transferred to the plaintiff. This transfer is to take place by September 22, 2000. The Chase Manhattan savings and checking account shown on the defendant's financial affidavit are awarded to the defendant. In the event the full $10,600 is not transferred to the plaintiff by September 22, 2000 for whatever reason, then the balance that the defendant has in his Chase Manhattan savings and Chase Manhattan checking is to be used towards paying that $10,600. Further, the remaining one-half of the cash surrender value on the defendant's New York Life Insurance policy awarded to the defendant is to be transferred to the plaintiff towards any shortage of the $10,600 awarded to her. Interest is to run on the $10,600 at the rate of 8 percent per annum commencing September 22, 2000.
8. The plaintiff is awarded one-half of the $5000 cash surrender value in the defendant's life insurance policy and he is to make arrangements to have that sum transferred to her. The remaining cash surrender value is awarded to the defendant.
9. Each party is responsible for paying one-half of any real estate taxes or other costs on the Massachusetts property until the property is sold. The court orders that the Massachusetts property be sold at the earliest possible date. When the property is sold, the defendant is first to receive $1800 to reimburse him for the cost of tests that he had done on the property. All remaining sums from the sale of the property are to be divided equally between the parties.
10. The court awards to the plaintiff, by Domestic Relations Order, 50 percent of the gross amounts that the defendant is entitled to receive from his pension plan through the New York City Employees' Retirement System. Until such time as the Domestic Relations Order is paying to the plaintiff the one-half amount ordered, the defendant is to pay such one-half directly to the plaintiff. The plaintiff is responsible for preparing the Domestic Relations Order at her sole expense. The defendant is to cooperate in putting the Domestic Relations Order into effect.
C. BY WAY OF ATTORNEY'S FEES
1. No attorney's fees are awarded in favor of either party.
D. MISCELLANEOUS ORDERS
1. The plaintiff is to prepare the judgment file within thirty days and send it to counsel for the defendant for signature and filing. CT Page 9821